# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

EMMETT W. CALDWELL, DANIEL RICE, MICHAEL
LEONARD, JAMES BRUNO, on behalf of themselves and
others similarly situated,

            Index No._____

            Plaintiff,

            **SUMMONS**

    -against-

THE ROMAN CATHOLIC ARCHDIOCESE OF NEW     Date Index No. Purchased: _____
YORK, THE ROMAN CATHOLIC DIOCESE OF
BROOKLYN, and THE ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE,

            Defendants.
-----------------------------------------------------------------X

    To the above named Defendant(s)

    THE ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK 1011 1ST AVENUE, NEW YORK, NY 10022

    THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, 310 PROSPECT PARK WEST, BROOKLYN, NY 11215

    THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, 50 N. PARK AVENUE, ROCKVILLE CENTRE, NY 11571

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue is address and principal place of business of Archdiocese of New York, which is in New York County.

Dated: New York, NY
       January 3, 2020

            HERMAN LAW
            By_____
            Jeff Herman, Esq.
            c/o Herman Law
            434 W. 33rd Street
            Penthouse
            New York, NY 10001
            (212) 390-0100

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                                X

EMMETT W. CALDWELL, DANIEL RICE, MICHAEL
LEONARD, JAMES BRUNO, on behalf of themselves and         INDEX NO.:
others similarly situated,

                                    Plaintiffs,                          **CLASS ACTION**
                                                   **COMPLAINT**
- vs –

THE ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK,
THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, and
THE ROMAN CATHOLIC DIOCESE OF ROCKVILLE
CENTRE,

                                  Defendants.                             X

PLAINTIFFS EMMETT W. CALDWELL, DANIEL RICE, MICHAEL LEONARD, and JAMES BRUNO ("PLAINTIFFS"), on behalf of themselves and all others similarly situated (the "CLASS"), by their attorneys, HERMAN LAW, as and for their Class Action Complaint against DEFENDANTS, the ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK (the "ARCHDIOCESE OF NEW YORK"), the ROMAN CATHOLIC DIOCESE OF BROOKLYN (the "DIOCESE OF BROOKLYN"), and the ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE (the "DIOCESE OF ROCKVILLE CENTRE") (collectively, the "DEFENDANTS"), allege as follows:

### INTRODUCTION

1.      PLAINTIFFS in this action seeks to void the Releases they and other victims signed relinquishing their claims arising from childhood sexual abuse against the ARCHDIOCESE OF NEW YORK, DIOCESE OF BROOKLYN and DIOCESE OF ROCKVILLE CENTRE, pursuant to their substantially identical Independent Reconciliation and Compensation Programs.

2. In 2016, the ARCHDIOCESE OF NEW YORK developed and implemented a fraudulent scheme designed to induce victims of child sexual abuse to release claims against the ARCHDIOCESE OF NEW YORK at a fraction of their value. The DIOCESE OF BROOKLYN and DIOCESE OF ROCKVILLE CENTRE followed the ARCHDIOCESE OF NEW YORK's lead, instituting substantially the same scheme. All three institutions hired the same individuals to administer their respective Independent Reconciliation and Compensation Programs, using the same method and process to solicit victims, process claims and obtain releases of claims. While lobbyists and officials of the ARCHDIOCESE OF NEW YORK, DIOCESE OF BROOKLYN and DIOCESE OF ROCKVILLE CENTRE were intimately familiar with the developing legislative initiatives in the State of New York that would allow childhood victims of clergy sexual abuse to file lawsuits on expired claims and recover the full value of their damages from them, the victims did not have this knowledge.

3. The DEFENDANTS seized on this imbalance in power and information in creating their Independent Reconciliation and Compensation Programs for the purpose of misleading and fraudulently inducing victims to settle their claims at a fraction of their worth, to the substantial financial benefit of the DEFENDANTS. In so doing, the DEFENDANTS deceived victims of clergy child sexual abuse and exploited their vulnerabilities arising from that abuse, causing their re-victimization. PLAINTIFFS seek declaratory relief for themselves and the Class rescinding releases obtained by the DEFENDANTS and allowing victims who were induced to sign releases to bring lawsuits on their underlying claims.

## PARTIES, JURISDICTION AND VENUE

4. PLAINTIFF EMMETT W. CALDWELL ("CALDWELL") is an adult male, age 62, citizen and resident of Puerto Rico. As a child he lived with his family in New York City. During his childhood, when PLAINTIFF CALDWELL was in elementary school, he was sexually abused by Father Kevin Kelly of St. Thomas the Apostle in Manhattan. Over a period of approximately three months, PLAINTIFF CALDWELL was sexually abused by Father Kelly in the Church approximately two to three times per week. The sexual abuse included oral and anal sex.

5. PLAINTIFF DANIEL RICE ("RICE") is an adult male, age 52, citizen and resident of Bronx, New York. RICE and his family were devout Catholics, and attended St. Clare of Assisi Church, located at 1918 Paulding Ave., Bronx. When PLAINTIFF RICE was approximately 14-15 years old, he expressed an interest in attending high school seminary and a career in the priesthood. Deacon Joseph Weckbach, who was assigned by the ARCHDIOCESE OF NEW YORK to St. Clare of Assisi Church, learned of this interest, and took PLAINTIFF RICE under his wing and groomed him. Deacon Weckbach would summon PLAINTIFF RICE to the Church's rectory on a pretext, and there he would sexually assault him. Deacon Weckbach's sexual assaults of PLAINTIFF RICE occurred in the rectory and in the Deacon's car. The sexual abuse continued over a period of two to three years.

6. PLAINTIFF MICHAEL LEONARD ("LEONARD") is an adult male, age 64, citizen and resident of Danville, CA. LEONARD and his family attended church at Our Lady of Refuge Rectory, located at 290 E 196th St., Bronx. Beginning when PLAINTIFF LEONARD was approximately 10 years old, he was sexually assaulted frequently by both Father George

Rheinheimer and Father Ed Roos, priests of the ARCHDIOCESE OF NEW YORK. PLAINTIFF LEONARD was forced to suffer through many sexual acts on a weekly basis. These acts included, but were not limited to, sodomy, oral sex, and touching and rubbing the priests' genitals until ejaculation. These acts went on frequently, for years.

7. PLAINTIFF JAMES BRUNO ("BRUNO") is an adult male, age 63, citizen and resident of Mineola, NY. When BRUNO was approximately 12-13 years old, he and his family were affiliated with St. Rita's Roman Catholic Church, located at 36-25 11th St. Long Island City, NY 11106. Father Rocco Verenzio sexually abused him when he was an altar boy.

8. Defendant ARCHDIOCESE OF NEW YORK is a New York non-profit organization with its principal place of business and office located in New York, NY. The ARCHDIOCESE OF NEW YORK encompasses approximately 370 parishes, and owns, controls and/or operates Catholic schools and churches in Manhattan, Staten Island, the Bronx, and other counties in the New York metropolitan area. The ARCHDIOCESE OF NEW YORK is a citizen and resident of the State of New York.

9. Defendant DIOCESE OF BROOKLYN is a religious institution and organization with principal offices located in Brooklyn, New York. The DIOCESE OF BROOKLYN controls all Catholic religious, pastoral and educational functions in the boroughs of Brooklyn and Queens, encompassing approximately 180 parishes and 210 churches. The DIOCESE OF BROOKLYN is a citizen and resident of the State of New York.

10. Defendant DIOCESE OF ROCKVILLE CENTRE is a religious institution and organization with principal offices located in Rockville Centre, NY. The DIOCESE OF ROCKVILLE CENTRE controls all Catholic religious, pastoral and educational functions in the

VOICE FOR VICTIMS
HERMAN LAW
NEW YORK
(212) 390-0100
www.hermanlaw.com
4
4 of 14

Nassau and Suffolk Counties. The DIOCESE OF ROCKVILLE CENTRE operates and controls approximately 133 parishes, 57 schools and 109 other facilities. It is a citizen and resident of the State of New York.

11. The Court has jurisdiction over this action pursuant to its general jurisdiction under CPLR 901 *et seq.* and CPLR 3001 *et seq.*

12. Venue is proper in this County pursuant to New York CPLR 503 as one of the DEFENDANTS resides in this County.

## ALLEGATIONS SUPPORTING CLAIMS

13. On October 6, 2016, Defendant ARCHDIOCESE OF NEW YORK announced the launch of its Independent Reconciliation and Compensation Program (IRCP), directed toward the numerous victims of child sexual abuse by clergy employed by the Defendant or assigned within its territory.

14. The IRCP was marketed and promoted to victims of childhood clergy sexual abuse by Archbishop Cardinal Timothy Dolan and the ARCHDIOCESE OF NEW YORK's officials and agents. Upon information and belief, the ARCHDIOCESE OF NEW YORK misled victims to believe that they would not be able to recover more than the amounts offered by the ARCHDIOCESE OF NEW YORK on their claims. At the time that the IRCP was conceived and instituted, the Child Victim's Act was under consideration in the New York state legislature. The Child Victim's Act would create a certain time period or "window" to allow victims-survivors to file their claims in court while defendants are denied a statute of limitations defense. In statements made to the public, Archbishop Cardinal Timothy Dolan and other agents of the ARCHDIOCESE OF NEW YORK represented that this legislation was seriously flawed, opposed by the

VOICE FOR VICTIMS
**HERMAN LAW**
NEW YORK

(212) 390-0100                                                                                                                                                    www.hermanlaw.com

5

ARCHDIOCESE OF NEW YORK and other organizations, and would not be passed into law given this opposition.

15. The DIOCESE OF BROOKLYN instituted its IRCP in June, 2017, and the DIOCESE OF ROCKVILLE CENTRE shortly thereafter in October, 2017. The IRCPs of the ARCHDIOCESE OF NEW YORK, DIOCESE OF BROOKLYN, and DIOCESE OF ROCKVILLE CENTRE were substantially identical. Upon information and belief, they were all instituted with the intent and purpose of inducing victims of clergy child sexual abuse to provide releases of valuable civil claims at a cost representing a substantial discount from the value of these claims in court.

16. The DEFENDANTS were each actively involved in lobbying and monitoring the legislative process with regard to the Child Victims Act. As the DEFENDANTS had vastly superior information and knowledge regarding the prospects of the Child Victims Act as well as the reasonable values of the claims of victims-survivors.

17. While the DEFENDANTS each labelled the program as "independent," it was, upon information and belief, controlled and tightly orchestrated by the DEFENDANT instituting the program. Each DEFENDANT hired the same mediators, Kenneth Feinberg and Camille Biros, to assess the claims in the IRCP and decide the amount of compensation to be paid to victim-survivors. Upon information and belief, it was represented to victims that there would be no limit or cap on the amount that the mediators would award to the victims on their claims. Upon information and belief, this was false as the amounts offered in the program for settlement of victim claims were consistently a fraction of their reasonable and objective values, topping out at the low to mid six figures.



(212) 390-0100

6

www.hermanlaw.com

18. PLAINTIFFS each presented their claims through the IRCPs. They were not represented by an attorney through the IRCP process and were unaware of the possibility that the Child Victims Act would be enacted, which would allow them to file lawsuits and recover the real value of their claims. Instead, it was misrepresented to the PLAINTIFFS that the settlement amounts offered were fair and that the IRCP was their only recourse.

19. Given the heinous sexual abuse suffered by PLAINTIFFS when they were children, they were offered amounts that were objectively unreasonable, representing a small fraction of the real value of each of their claims.

20. The practice of the DEFENDANTS and the IRCPs, upon inducing a victim to settle at a substantially discounted amount, was to then refer them to attorneys who expressly limited their representation of the victims to matters related to language and meaning of the Release only. What PLAINTIFFS needed, and what was not provided, was an attorney who would advise them regarding the *merits* of the IRCP protocol and the fairness of the compensation to be provided to victims thereunder, as well as the substantial rights he would be relinquishing by signing the Release. PLAINTIFFS were unsophisticated, however, and did not understand this distinction or the pro forma and perfunctory legal representation being referred to them by their adversary.

21. PLAINTIFFS were otherwise advised by officials or agents of the DEFENDANTS that they did not need lawyers in the IRCP process and were discouraged by them from hiring a lawyer for this process. In this manner, PLAINTIFFS were each misled and deceived into proceeding through the IRCP without a lawyer who would critically evaluate the compensation offered for its fairness and reasonableness. This was part and parcel of DEFENDANTS' scheme to evade fair compensation to victims of clergy childhood sexual abuse, as DEFENDANTS sought

to seize advantage of relatively unsophisticated claimants who were at a substantial disadvantage vis-à-vis the DEFENDANTS with regard to information regarding the Child Victims Act, the prospective value of their claims, and protecting their substantial interests.

22. Given the foregoing misrepresentations and deceit, PLAINTIFFS each executed form Releases in which they received minimal amounts on their claims of horrific child sexual abuse and relinquished their rights to bring any claim against the Archdiocese or Diocese responsible for their injuries.

23. The form Releases executed by each of the PLAINTIFFS included a representation that they had received legal advice regarding the terms and conditions of the Releases. This representation, required by the DEFENDANTS, was part and parcel of the fraudulent scheme, as it sought to deflect the expected outcry about the settlement amounts which were known to be substantially manipulated through the IRCP and to grossly undervalue the victims' claims.

24. Through the IRCP Programs, the DEFENDANTS were able to induce substantial numbers of victims to release their claims at a fraction of their real values. Upon information and belief, the ARCHDIOCESE OF NEW YORK procured at least 278 victim releases through the IRCP paying approximately $60 million. Upon information and belief, The DIOCESE OF BROOKLYN procured approximately 500 victim releases through the IRCP paying approximately $90 million. Upon information and belief, the DIOCESE OF ROCKVILLE CENTRE procured approximately 275 victim releases through the IRCP paying approximately $50 million.

## CLASS ACTION ALLEGATIONS

25. This action is brought and may properly be maintained as a class action under the provisions of Article 9 of the CPLR.

26. The putative class is defined as victims-survivors of childhood sexual abuse by employees or agents of the DEFENDANTS, who participated in the IRCP and signed form releases presented to them without obtaining advise from an attorney on the merits of the IRCP and the amount of the settlement.

27. The members of this putative CLASS are so numerous that separate actions or joinder of parties, whether required or permitted, is impracticable.

28. There are questions of law and fact common to the CLASS that predominate over any questions affecting only individual members of each class.

29. The principal common question of law is whether the releases signed by victim-survivors pursuant to the IRCPs are subject to rescission or are void for fraud in the inducement.

30. The principal common question of fact is whether the IRCPs were instituted as a scheme to defraud victims-survivors by having them release their claims for a fraction of their reasonable and objective values.

31. PLAINTIFFS have no interest antagonistic to the interests of the other members of the Class with respect to this action or the claims for relief herein.

32. PLAINTIFFS are committed to the vigorous prosecution of this action and have retained competent legal counsel.

33. HERMAN LAW is experienced in group/class claims and the representation of victims-survivors of childhood sexual abuse.

HERMAN LAW
NEW YORK

(212) 390-0100  www.hermanlaw.com

34. HERMAN LAW devotes its practice to the representation of victims of sexual abuse in civil claims. It has represented over 1,000 victims of sexual abuse in civil cases. HERMAN LAW has experience representing substantial groups of victims in clergy sexual abuse cases against entities of the Roman Catholic Church.

35. PLAINTIFFS are adequate representatives of the CLASS and, together with their attorneys, are able to, and will fairly and adequately, protect the interests of the CLASS.

36. A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein. Joinder of all the members of the CLASS is impracticable and it would be impractical for individual members of the CLASS to pursue separate claims. Moreover, prosecution of separate actions by individual members of the CLASS would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

37. PLAINTIFFS and their counsel anticipate no difficulty in the management of this litigation as a class action.

## COUNT I
### Declaratory Judgment

38. PLAINTIFFS repeat and reallege the allegations made in paragraphs 1 through 37 above.

39. Pursuant to CPLR 3001 *et seq*. PLAINTIFFS seek a declaration from this Court rescinding or voiding the releases signed by PLAINTIFFS and members of the CLASS because they were procured or induced by fraud.

40. The DEFENDANTS and the IRCP Administrators, acting as their agents, misrepresented material facts in promoting and inducing victims-survivors into the IRCP,

VOICE FOR VICTIMS
HERMAN LAW
NEW YORK
(212) 390-0100
www.hermanlaw.com
10
10 of 14

including that (i) the process would result in fair and reasonable offers of settlement for claims of clergy child sexual abuse; (ii) there was no reasonable prospect that victims-survivors could ever receive more for their claims than the amount determined under the IRCP; (iii) there was no limit, cap or range causing assessments and offers to be made at substantially below the fair value of the claims; and (iv) there was no reason for victims-survivors participating in the IRCP to retain a lawyer to provide advice regarding the merits of the IRCP process or the fair value of the claims being released.

41. The representations made by officials, employees or agents of the DEFENDANTS were false when made.

42. PLAINTIFFS and the CLASS justifiably relied on the misrepresentations made by the DEFENDANTS, signing releases on their claims at fractions of their fair and reasonable values.

43. PLAINTIFFS and the CLASS were injured by the fraudulent misrepresentations inducing their releases of claims, measured by the difference between the amounts of the settlements and their actual value if not misrepresented.

44. The releases made by PLAINTIFFS and the CLASS in the form provided by DEFENDANTS were not fairly and knowingly made.

## COUNT II
### Negligent Misrepresentation

45. PLAINTIFFS repeat and reallege the allegations in paragraphs 1 through 37 and 39 above.



(212) 390-0100

www.hermanlaw.com

11

46. In morals and good conscience, victims-survivors of childhood sexual abuse by agents or employees of DEFENDANT had a right to rely upon the DEFENDANTS for information, particularly those induced to participate in the IRCP.

47. PLAINTIFFS and the CLASS relied upon the DEFENDANTS to provide accurate information.

48. The DEFENDANTS breached this duty by (i) failing to advise PLAINTIFFS and the CLASS regarding the "window" in the proposed Child Victim's Act legislation and how it affected their claims; and (ii) failing to advise victims-survivors of the reasonable value of their claims, and that the IRCP would provide only a fraction of that value.

49. PLAINTIFFS and the CLASS relied upon the DEFENDANTS to provide such information.

50 Because DEFENDANTS failed to provide such information to PLAINTIFFS and the CLASS, they have been damaged in providing releases to the DEFENDANTS that relinquish valuable claims for substantially less than their fair value.

## COUNT III
## Unjust Enrichment

51. PLAINTIFFS repeat and realleges the allegations in paragraphs 1 through 37 and 38 above.

52. PLAINTIFFS and the CLASS made transfers to DEFENDANTS in the form of releases of valuable claims for damages from childhood sexual abuse.

53. DEFENDANTS received a benefit in the form of the releases provided by PLAINTIFFS and the CLASS.



(212) 390-0100

www.hermanlaw.com

54. DEFENDANTS and the victims-survivors participating in the IRCP at the invitation of DEFENDANTS were in a relationship of trust and confidence.

55. DEFENDANTS would be unjustly enriched by retention of the benefits reflected in the releases, as the values of the claims is substantially greater than the amounts paid for the releases by DEFENDANTS.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully request a declaratory judgment rescinding the releases made in favor of the DEFENDANTS under their IRCPs, certifying the PLAINTIFF CLASS, awarding damages for the underlying claims in an amount to be determined at trial (offset by the amounts paid to the PLAINTIFF or member of the CLASS under the IRCPs, awarding attorney's fees and costs pursuant to CPLR 909, and such other and further relief as is just and proper.

Dated: New York, NY
January 3, 2020

Respectfully submitted,

HERMAN LAW
By: _____
Jeff Herman
jherman@hermanlaw.com
Stuart S. Mermelstein
smermelstein@hermanlaw.com
Daniel G. Ellis
dellis@hermanlaw.com
434 W. 33rd St., Penthouse
New York, NY 10010
Telephone: (212) 390-0100
Fax: (305) 931-0877



VOICE FOR VICTIMS
HERMAN LAW
NEW YORK

(212) 390-0100                                         www.hermanlaw.com

13

    – and –

1800 N. Military Trail  
Suite 160  
Boca Raton, FL 33431  
Telephone: (305) 931-2200  
Fax: (305) 931-0877



(212) 390-0100     www.hermanlaw.com

14